[No. 1214.   Decided January 8, 1895.]

C. P. DYER, *Administrator, Respondent, v.* D. W. MORSE ET AL., *Appellants.*

PARTNERSHIP—DEED OF LAND BY SURVIVING PARTNER—VALIDITY—CONSTRUCTION OF STATUTES.

Where an agreed statement of facts upon which a cause is tried sets up that certain real estate was conveyed to defendants by the grantor as a surviving partner, the objection cannot be urged that the deed upon its face purports to convey only the individual interest of the grantor.

The statute of 1862 for the settlement of partnership estates was in aid of the common law method of closing up such estates, instead of exclusive thereof; and where no steps were taken to procure administration of the affairs of the partnership under the statute, the surviving partner had full power to settle its affairs.

Where, upon the death of a partner, while the law of 1862 for the settlement of partnership estates was in force, no administration was had upon his estate, but the surviving partner settled the affairs of the firm, paying off its indebtedness, which amounted to more than the partnership assets, and, in order to reimburse himself, took possession of the partnership realty as his own, he acquired the same right thereto which he could have conveyed to another.

*Appeal from Superior Court, Clallam County.*

*Struve, Allen, Hughes & McMicken,* for appellants.

At the common law, on the death of one of the partners, the partnership real estate is impressed with the character of personalty and devolves on the survivor, and he can sell it for the purpose of

winding up the affairs of the partnership. 1 Lindley, Partnership, * p. 341 (5th ed., Am. Notes by Wentworth); *Shanks v. Klein*, 104 U. S. 18. The conveyance of partnership real estate by the surviving partner passes the equitable title to the grantee, and equity will compel the holder of its legal title to convey it. *Andrew's Heirs v. Brown's Adm'r*, 21 Ala. 437 ; *Dupuy v. Leavenworth*, 17 Cal. 262 ; *Easton v. Courtwright*, 84 Mo. 37.

It has likewise been held that the surviving partner has an equitable lien on the partnership real estate for his indemnity against the debts of the firm and for the balance that may be due him from the firm. *Gray v. Palmer*, 9 Cal. 639; *Dyer v. Clark*, 5 Metc. 562 ; Parsons, Partnership, p. 441. He might also hold the assets of the firm in his possession until all the firm debts were paid, including indebtedness to himself. *Clay v. Freeman*, 118 U. S. 97.

The law of 1862 upon the subject of administration of co-partnership estates is cumulative merely, and does not take away the common law in relation to the same matter. *Nelson v. Hayner*, 66 Ill. 487 ; Sutherland, Statutory Construction, §§ 202, 399, 400; Sedgwick, Construction (2d ed.), p. 342. Under similar statutes in the other states it has been held that, until the representatives of the deceased partner take the steps pointed out by the statute, the surviving partner retains his common law rights and powers over partnership property without giving bond. *Bredow v. Mutual Savings Inst.*, 28 Mo. 181 ; *Easton v. Courtwright*, 84 Mo. 27 ; *Holman v. Nance*, 84 Mo. 674 ; *Weise v. Moore*, 22 Mo. App. 530 ; *Teney v. Laing*, 27 Pac. 976.

*Smith & Felger* and *Harry Ballinger*, for respondent.

The statutes of Maine upon the settlement of partership estates are practically the same as our statutes of 1862, and in that state it has been repeatedly decided that the statutory method is exclusive. *Cook v. Lewis*, 36 Me. 340 ; *Putnam v. Parker*, 55 Me. 235 ; *Strang v. Hirst*, 61 Me. 17 ; *Pope v. Jackson*, 65 Me. 163.

The opinion of the court was delivered by

HOYT, J.—This action was heard in the superior court upon stipulation of counsel, and an agreed statement of facts. By the stipulation it was agreed that the cause should be tried as one in equity, upon such statement of facts, without the introduction of other testimony. From this statement it appeared that in October, 1865, Samuel Atkinson and George E. Allingham were doing business as

partners, in Clallam county; that as such partners, and for the use of the partnership, they acquired title to the real estate in controversy in this action; that said partnership continued until April, 1870, when Allingham died, in the Province of New Brunswick, leaving a last will which devised such real estate to the father of the plaintiff; that after the dissolution of partnership by the death of said Allingham, the said Atkinson, as surviving partner, closed up its affairs and appropriated its property to the payment of the debts of the firm; that the indebtedness of the partnership at the time it was so dissolved was in excess of its assets, and that said Allingham was indebted to his partner in a large sum; that as such surviving partner the said Atkinson took possession of the property in question to reimburse himself for moneys advanced by him to pay the partnership debts; and that in 1883, as such surviving partner, he conveyed such property to the defendants, or those under whom they claim. There were other facts set out in such statement, but these are the only ones which it will be necessary to refer to for the purpose of this opinion. The superior court found that the plaintiff had the better title to the property, and entered a decree in his favor.

We find it unnecessary to discuss all the reasons for reversal relied upon by appellants, as the respondent seeks to sustain the decree upon only two substantial grounds. One that since the deed from Atkinson to the appellants, or those under whom they claim, upon its face purported to convey only his individual interest, and was joined in by his wife, it must be assumed that it was not intended to convey more than the interest of said Atkinson in the property as a tenant in common. This claim would have much force were there no facts in the case tending to explain or help out the deed, but, unfortunately for this contention, it is agreed in the statement of facts that this conveyance was made by Atkinson as the surviving partner of the firm, and in the light of this concession it cannot be held in a court of equity that it only had the effect of conveying his individual interest.

The other question relied upon by the respondent grows out of our statute for the settlement of partnership estates. It is contended in his behalf that this statute is exclusive, and that under the terms thereof all partnership estates must be settled, and that since its enactment a surviving partner has no authority to deal with partnership effects excepting as therein provided. If this is so, the decree of the superior court must be affirmed, for it is not contended that anything was ever done in relation to this property, or the other effects of the partnership, under the provisions of this statute, and it would follow that the property so far as it is in existence would yet be partnership property, and that the surviving partner, if in possession, would hold for the heirs of the deceased partner as well as for himself. The appellants attack this position, and claim that the common law rights of the surviving partner have been changed by the statute only to the extent therein provided, and that such statute should be held to have been in addition to, and regulative of, such common law rights.

At the time of the death of said Allingham the statute in relation to this question enacted in 1862 was in force, and it is claimed on the part of the appellants that this statute must govern, while the respondent contends that since there was no attempt to pass the title to the property in question until 1883, the law upon this same subject enacted in 1873 must control.

In our opinion, for the purpose of this case, the contention of the appellants must be sustained. It appears from the agreed statement of facts that the debts were all paid before the passage of the act of 1873, and that the surviving partner had taken possession of this property as his own to reimburse himself for the moneys advanced by him in paying the debts of the firm, and that for that purpose he had paid out a sum in excess of the value of all its property. This being so, a court of equity will sustain his self-asserted title to the property, if at that time it would have been in his power to have conveyed the property to another for the purpose of paying such debts. This would not be the effect

of such action if all the property had not been required to pay the debts ; but in view of that fact it would be inequitable to hold that the surviving partner did not obtain by the payment of the firm's indebtedness the same right to the property which he could have conveyed to another. If, therefore, the statute of 1862 did not terminate the common law rights of the surviving partner, he became, under the agreed statement of facts, the equitable owner of the property before the passage of the law of 1873.

We have carefully examined the provisions of the statute of 1862 in the light of the authorities cited upon the part of appellants and the respondent, and are compelled to hold that it did not terminate the common law rights of the surviving partner. There was no method pointed out by which the surviving partner could set the machinery provided for in the statute in motion, and unless it was put in motion by the representatives of the deceased partner it could have no effect upon the partnership property. This being so, it cannot be presumed that the legislature intended by its enactment to destroy the common law interest of a surviving partner which had theretofore existed. If such rights were cut off, in what capacity would the surviving partner hold, until such time as some one over whom he had no control should put the statute in motion ? We are unable to think of any status under which he could so hold which would be at all satisfactory, or would not be productive of gross injustice to the surviving partner. He could undoubtedly be compelled to pay the partnership debts, and, if he could make no use of the partnership property for that purpose, would have to pay them out of his own funds, and by the negligence or default of the representatives of the deceased partner might be kept from reimbursing himself for moneys thus advanced for an indefinite period. Such a result could not have been intended by the legislature, and the language used in its enactments must not be so construed as to effect it, unless it is the only construction possible. There are no exclusive words in the statute, and the evident object of the legislature in its enactment will be better subserved

by holding that it was intended to be in aid of the common law method of closing up partnership estates, instead of exclusive thereof. The principal object seems to have been to give to the representatives of the deceased partner the right to invoke the aid of the statute, either to have another person than the surviving partner close up the affairs of the firm, or to have such surviving partner give proper security to that end. Nowhere is the intention manifest to interfere with the rights of the surviving partner under the common law, excepting to that extent; and in view of the fact before mentioned that he has not power to set in motion the machinery of the statute, and must hold the property of the partnership in a most anomalous condition until it is set in motion, if his rights under the common law were thereby terminated, we hold they were not, but remained in full force so long as no steps were taken to procure administration of the affairs of the partnership under the statute.

We have carefully examined the cases holding to the contrary of this view, cited by the respondent. The principal ones are from the state of Maine, and while we entertain the highest degree of respect for the learning and ability of the courts of that state, we are unable to agree with the reasoning of those cases. We have not had an opportunity to carefully examine the statutes therein construed, but if they were similar to ours, the court overlooked the fact that thereunder it was not in the power of the surviving partner to set on foot administration of the partnership affairs, which fact furnishes the strongest reason for holding that the statute is not exclusive of common law rights.

It follows from what we have said that at the time of the death of Allingham, Atkinson was entitled to proceed to close up the affairs of the partnership under the rules of the common law, and this being so, under the facts agreed upon, a court of equity will give no relief at this time to the representatives of the deceased partner.

The judgment will be reversed, and the cause remanded with instructions to dismiss the action.

DUNBAR, C. J., and STILES, J., concur.