### E. F. TOWLER v. JOHN BULL.
#### No. 70.

1. PARTNERSHIP ESTATES—*Manner of Settlement.* Article 2, chapter 37, of the General Statutes of 1889, provides for the winding up and settlement of partnership estates, and such provision precludes the settlement of partnership estates in any other manner. (*Shattuck v. Chandler*, 40 Kan. 516.)

2. ——— *Waiver of Citation by Partner—Right of Administrator.* Where one who claims an interest in the property of a deceased person as a surviving partner appears before a probate court and demands that an order be made requiring the general administrator to give the further bond required by paragraph 2820, General Statutes of 1889, and does not himself offer to give the bond required by paragraph 2816, *id.*, he waives the necessity of any citation and cannot thereafter object that none was served upon him, nor can he question the right of such administrator to the possession of the property after such further bond has been given.

MEMORANDUM.—Error from Ford district court; A. J. ABBOTT, judge. Action by E. F. Towler against

John Bull in person and as administrator of the estate
of George W. Parker, deceased, for damages by failure
to give statutory bond.    Judgment for defendant.
Plaintiff brings the case to this court.    Affirmed.
The opinion herein, filed March 9, 1896, states the
material facts.

*A. J. Hoskinson*, for plaintiff in error.

*H. E. Brice*, for defendant in error ; *Brown, Bierer &
Cotteral*, of counsel.

The opinion of the court was delivered by

Cole, J. : This action was commenced in the dis-
trict court of Hodgeman county by the plaintiff in
error against the defendant is error in person and as
administrator of the estate of George W. Parker, de-
ceased, and was afterward transferred for trial to the
county of Ford.    Plaintiff claimed in his petition that
the deceased and himself were partners at the time of
the death of Parker, and that the defendant had taken
into his possession certain property claimed by plain-
tiff to be partnership property, and in which he
claimed a one-half interest.    He further alleged, that
relying upon the responsibility of the defendant, and
supposing that said defendant would give the addi-
tional bond required by statute for settlement of part-
nership estates, he, the plaintiff, had neglected to give
the bond required by statute of a surviving partner.
He further alleged, that in September, 1886, he ap-
plied by petition to the probate court of Hodgeman
county for an order requiring the said defendant to
give such additional bond, and that, said request
having been denied by the probate court, he applied
to the district court, where such order was made.    He
further alleges that such bond has not been given,

and that the defendant refuses to recognize the rights of the plaintiff in said property, and that by reason of all these facts he has been damaged in the sum of $2,000.

The answer of the defendant admitted that he was the administrator of the estate of Parker, denied that any partnership existed between the plaintiff and Parker in any of the property in his possession as such administrator, and alleged a compliance with the order of the court in furnishing the additional bond required by statute. A reply was filed, and upon the issues thus joined a jury was called, and plaintiff introduced his evidence; and thereupon the court sustained a demurrer to the evidence of plaintiff, and rendered judgment against him for costs. From such ruling and judgment plaintiff brings the case here for review. The record in this case is not complete, but we think sufficient is presented to challenge our attention so far as the main questions raised are concerned.

It appears from the evidence that George W. Parker resided at the time of his death in Hodgeman county, Kansas, and had in his possession a considerable amount of property. Shortly after his death the defendant in error was appointed administrator of his estate, and was served with notice that plaintiff in error claimed an interest, as a surviving partner, in the property of the deceased. The defendant in error denied that the property was partnership property, or that any partnership existed between the plaintiff in error and the deceased at the time of his death. The plaintiff in error then made application to the probate court for an order compelling the administrator to give the further bond required for the settlement of a partnership estate, and this order being denied by the probate court on the ground that said estate was not

shown to belong to the partnership, an appeal was taken to the district court, which ordered the bond to be given. Plaintiff in error never gave or offered to give the bond required of a surviving partner who desires to undertake the settlement of a partnership estate. The record does not disclose just when the defendant in error gave the additional bond required by the district court, but it was after the commencement of the action and before the filing of the answer upon which the cause was tried.

We are of the opinion that the court did not err in sustaining the demurrer. It is urged by counsel for plaintiff in error that the administrator had no right to take possession of the property in question until he had given the further bond required by the statute for the settlement of a partnership estate, and that he, as a surviving partner, was entitled to such possession for the reason that he had never been cited to appear before the probate court for the purpose of giving the bond required by statute. The object of a citation is similar to that of a summons, and where one who claims to be a surviving partner personally appears in the probate court having jurisdiction over the estate of the deceased, and demands that an order be made requiring the general administrator to give the bond required by paragraph 2820, General Statutes of 1889, he thereby waives the issuance of any citation, for, by his own act, he gives the probate court jurisdiction over his person. By the same act he waives his right to demand that he be permitted to settle the estate as a surviving partner, for he cannot insist that the general administrator shall settle as a partnership estate and at the same time demand the right to do so himself. (*Carr v. Catlin*, 13 Kan. 393.)

The only manner of settlement of partnership es-

tates in this state is that prescribed by article 2, chapter 37, General Statutes of 1889, and, until the necessary bond has been filed as required by statute, one who claims as a surviving partner can do nothing by way of carrying on the partnership business except to hold possession of such partnership property as may be in his possession at the time of the death of one member of the firm. (*Ballinger v. Redhead,* 1 Kan. App. 434.)

When the evidence disclosed, as it did in this case, that the defendant in error had complied with the order of the court with regard to giving the additional bond required by statute for the settlement of a partnership estate, and that the plaintiff had by his own action virtually declined to settle the partnership estate, then the district court had no jurisdiction to hear and determine this action, because the general administrator had a right to the possession of the property of the deceased. If he had any rights as a partner which the administrator did not respect, his remedy was upon the bond given for the settlement of the partnership estate. In any event, his appearance in the probate court, his demand that the general administrator comply with the statute and settle the partnership estate, and his failure to give the bond required of a surviving partner, precluded him from any right to the possession of the property, whether it was partnership property or not. Nor do we think this proposition would be changed by the fact that the general administrator gave the additional bond after the commencement of this action. In our opinion, that would simply raise a question of costs accruing up to the time of the filing of the bond.

The judgment of the district court is affirmed.

All the Judges concurring.