Harper McCaughan v. Nicholas L. Brown.

Partnership. *Survivor. Code* 1892, §§ 1909–1915.

> Code 1892, §§ 1909–1915, providing for the execution of bond, etc., by surviving partners, does not operate so as to deprive a surviving partner of any rights unless letters of executorship or administration be granted on the estate of the deceased partner, and the co-partnership assets have been inventoried and the executor or administrator shall have offered to give bond and administer the same.

From the circuit court of Harrison county.

Hon. Thaddeus A. Wood, Judge.

The appellee, Brown, was the plaintiff in the court below. Appellant, McCaughan, was defendant there. The facts are stated in the opinion of the court.

*W. G. Evans, Jr.*, for appellant.

The plaintiff cannot recover an individual judgment on the note; he does not sue as surviving partner, under code 1892, §§ 1909 to 1915. Before a surviving partner can proceed to collect the partnership property, he must comply with § 1911 of the code. The sections of law above referred to are not found in the statutes of this state prior to the code of 1892, and change the law, so as to prevent a surviving partner from dealing with the interest of the deceased partner without being responsible to the chancery court therefor.

*T. V. Noland*, for appellee.

The rights and powers of surviving partners in this state are not changed by statute, unless there be administration on the estate of the deceased partner.

TERRAL, J., delivered the opinion of the court.

N. L. Brown sued Harper McCaughan upon a note executed by him for $165.33, due September 1, 1896, and payable "to the order of N. L. Brown & Son." McCaughan, by way of defense, pleaded on oath that said plaintiff had no right to maintain this suit in his own name, because said N. L. Brown & Son was a partnership, composed of N. L. Brown and Albert Brown, and that Albert Brown died long before this suit was brought. Brown demurred to the plea, lost in the justice court, appealed to the circuit, where he had judgment, and the defendant appeals here.

The defendant relies upon §§ 1909–1915, annotated code, to maintain that a surviving partner, to support a suit to collect the debts due the partnership, must give the bond required by § 1911. This contention cannot be maintained. These sections of the code are in derogation of the common law, and must be strictly construed. At common law, upon the death of one of the partners, the firm is dissolved, the legal title to the property of the partnership vested in the surviving partner, all rights of action belong to him, and he had the exclusive right to reduce them to possession. Our code provisions interfere with the common law only when there is an administrator or executor, and he has inventoried and appraised the partnership estate, and offers to give bond for its administration, unless the surviving partner shall choose to give bond for winding up the affairs of the partnership. In such case, if the surviving partner refuses to give the bond required, the administrator or executor may qualify and administer the partnership property; but until an executor or administrator is appointed, and appraises the partnership estate, and cites the surviving partner

to appear and qualify, or renounce his right, the surviving partner should proceed to the collection of the debts, and to the winding up of the affairs of the partnership, as authorized and required by the common law. 17 Am. & Eng. Enc. L. (1st ed.), 1180; *Holman* v. *Nance*, 84 Mo., 677; *Blaker* v. *Sands*, 29 Kan., 393.

*Judgment affirmed.*