MARY E. LANCE, ADMINISTRATRIX, *v.* GEORGE M. CALHOUN ET AL.

1. ESTATES OF DECEDENTS.    *Surviving partners.    Probation of claims.*
   Code 1892, § 1931.
   Code 1892, § 1931, forbidding executors and administrators paying unprobated claims, has no application to a surviving partner administering partnership assets.

2. SAME.    *Code* 1892, § 1910 *et seq.*
   The fact that a surviving partner is indebted to the estate of his deceased partner does not preclude him from administering the partnership estate as authorized by Code 1892, § 1910, *et seq.*

FROM the chancery court of Pearl River county.

HON. STONE DEAVOURS, Chancellor.

Final accounting by George M. Calhoun, one of the appellees, as surviving partner of the partnership estate of himself and S.

E. Lance, deceased, and final accounting of J. J. Scarborough, the other appellee, as temporary administrator of deceased. From a decree allowing the accounts, Mary E. Lance, administratrix, appealed to the supreme court.

S. E. Lance died intestate on January 19, 1901, leaving a considerable estate, and was in partnership in the mercantile business with appellee, George M. Calhoun. Calhoun, on the 24th of January, renounced his right to administer on the partnership estate, and Mrs. Mary E. Lance, widow of S. E. Lance, was, on the 26th of January, granted letters of administration on the estate of her deceased husband. Calhoun afterwards repented of his renunciation and, on the 28th of February, undertook to withdraw the same, and applied, in vacation, for letters of administration, and was appointed by the clerk of the chancery court, and took charge of the partnership estate and proceeded to administer it. This order of the clerk was subsequently annulled and set aside by the chancery court, and the partnership estate ordered turned over to Mary E. Lance, administratrix of said estate. Pending the litigation between Mary E. Lance and Calhoun as to their rights to administer the partnership estate, Scarborough was appointed temporary administrator. During his administration of the partnership estate Calhoun paid debts due by the partnership without having them first probated and allowed. Calhoun made his final account as surviving partner for the time he administered, and Scarborough made his final account as temporary administrator. Mrs. Lance, administratrix, filed her objections to these final accounts, her principal objection to Calhoun's account being that he paid accounts which had not been probated and allowed, and their payment was therefore unauthorized by law. The court below allowed the accounts.

*K. McInnis,* and *S. E. Travis,* for appellant.

Not a single one of the accounts paid by Calhoun had been probated, registered, or allowed. Several of these were not

itemized statements as required by law, and several of them were only receipts, in which cases there were no accounts at all.

There is no statute which exempts such claims from the rules of ordinary administration. Code 1892, § 1931, provides that the debts due by the late firm must be settled expeditiously. This is no more than the law requires in other cases. (Code 1892, § 1931, for example.) It does not carry with it the idea that they must be settled before ascertained and established in a legal manner. The few sections on surviving partners occur in the general chapter on the subject of executors and administrators. The whole must be construed together so as to give effect to each section, if possible.

In like manner temporary administrators are forbidden to pay any claims not probated, allowed, and registered. Laws 1900, ch. 94. We fail to see why a surviving partner should be an exception (as he is an administrator of the copartnership of which deceased was a member) to all the laws governing administrators, executors, and temporary administrators. Any other view on this subject not only disturbs, but destroys, the harmony of all sections of law on the subject of probation, allowance, and registration. We therefore submit that the chancellor erred in allowing the final account, and for this reason all claims paid by Calhoun, surviving partner, should have been disallowed.

The court will also find from the record that neither Calhoun, as surviving partner, nor Scarborough, as temporary administrator, published any notice whatever to creditors to probate and register their claims.

*Sullivan & Tally,* for appellees.

Neither the common law nor our statutes require creditors of a copartnershp (where one of its members dies) to have their claims probated, registered, and allowed, in order to have them paid out of firm assets; but if creditors, no matter whether they be firm creditors or individual creditors, were to undertake to

collect their claims out of assets of the individual estate of the deceased member of the firm, they would be required by our statutes to have their claims probated, registered, and allowed, within the time required by law, or they would be barred. *Nagle* v. *Ball,* 71 Miss., 336. Our contention is also strongly supported by the case of *McCaughan* v. *Brown,* 76 Miss., 496.

TRULY, J., delivered the opinion of the court.

Section 1931, Code 1892, has no application to a surviving partner who is administering the estate of his deceased partner in the partnership assets. Except as specially changed by the statute, the surviving partner still possesses all the rights and powers which he held under the common law. *McCaughan* v. *Brown,* 76 Miss., 496 (25 South. Rep., 155).

A brief examination of the statutory provisions relating to the administration of estates generally, as distinguished from the administration of a partnership by a surviving partner, will disclose the reason for the difference in the procedures to be followed. Probation of claims within a short time is required, so that the private, separate estate of the decedent may be promptly administered and distribution of the assets made. Administrators are forbidden to pay any claim against the estate unless the same shall have been probated, allowed, and registered. This provision is necessary because the party who contracted the debt, and who probably alone knew all the particulars of his just indebtedness, being dead, prevents the possibility of the collection of fraudulent claims by requiring that every claim shall be proven in the prescribed mode by competent proof, and providing a simple method of contesting any claim of doubtful validity. But no such precaution is demanded in the case of a surviving partner, for the reason that he is himself jointly interested in the assets coming into his possession as survivor, and is jointly liable with the estate of his deceased partner for all debts due by the firm, and of his personal knowledge is advised whether a claim presented is simu-

lated or is justly owing by the firm. The administration by a surviving partner of the partnership assets, and the payment of the partnership debts, is entirely distinct and separate from the administration of the private, personal estate of the decedent.

In the case at bar the chancellor found that all of the claims paid by the appellees were just and legal demands due by the partnership, and as such were properly payable out of the assets of the firm, even though not probated. We find nothing in the record to cause us to doubt the correctness of his conclusion. If, as contended by appellant, Calhoun, one of the appellees, is in truth indebted to the estate of his deceased partner in any sum whatever, the administratrix is not debarred from employing her legal remedy and enforcing collection thereof. But the fact, if fact it be, that such an indebtedness was due the estate of the deceased partner, did not affect or diminish the rights of the survivor to administer the partnership assets until the same were taken out of his hands, by order of court, under the plain provisions of the law.

*Affirmed.*