Dow v. Simpson, 17 N. M. 357.

[No. 1485, November 7, 1912.]

MILTON DOW, ETC., Appellees, v. J. A. SIMPSON,. Appellant.

## SYLLABUS (BY THE COURT).

1. The method provided by chap. 81, S. L. 1901, for winding up partnership affairs, on the death of a partner, is exclusive and until the appointment of and qualification of an. administrator of the partnership, the surviving partners have no power to sell or dispose of the partnership assets.

2. Prior to the passage of chap. 81, supra. the common law method of winding up partnership affairs, upon the death of one of the partners, prevailed in New Mexico.

3. Where one jurisdiction adopts, without change, the statute of another, it also adopts the judicial construction placed upon it by that jurisdiction, unless such construction seems unsound, or inapplicable.

4. If an administrator of the personal estate is appointed. and fails to file an inventory of the partnership estate, as required by the act in question, the surviving partner, by proper proceedings can compel the filing of an inventory.

5. The question of the power of the Probate Court to remove the executor, or administrator of an estate, was settled by the Territorial Supreme Court in the case of Koury v. Castillo, 13 N. M. 26, where such power was upheld.

6. The act in question does not attempt to confer equitable jurisdiction upon probate courts.

Appeal from the District Court, Torrance County.

MANN & VENABLE, for Appellant.

The only person eligible to appointment as administrator of a partnership estate is the general administrator of a deceased partner, or the surviving partner or partners.

Hoyt v. Sprague, 103 U. S. 613; Clay v. Freeman, 118 U. S. 97; Story on Partnership (7th ed.) sec. 325-326; 30 Cyc. 629; Wickliffe v. Eve, 17 How. 469; Moore v. Huntington, 17 Wall. 417; (See especially note to this case in 21 L. ed. 642); Galbraith v. Tracy, 28 L. R. A. 129 and notes; Bingham-Hopkins Co. v. Gross, 54 Pac. 1127; Shaw v. R. R. Co., 101 U. S. 565.

The surviving partners could not apply for administration of the partnership estate until the executors filed their inventory. Chap. 81, secs. 9 to 15, laws of 1901; Shaw v. R. R. Co., 101 U. S. 565.

The Probate Court had no power to remove the executors of the estate of M. B. Atkinson, deceased. Griffith v. Frazer, 8 Cranch. 471; Appeal of Terry, 34 Atl. 1032; Kaull v. Pail, 14 Pet. 40.

The Probate Courts of New Mexico had only the powers of such courts as they were known to the common law and could not be invested with power and jurisdiction which belonged to the common law or equity courts. Caron v. Old Reliable Min. Co., 12 N. M. 211; Ferris v. Higley, 20 Wall. 375; Robinson v. Fair, 128 U. S. 53; Arellano v. Chacon, 1 N. M. 269; Perea v. Barela, 5 N. M. 470; Harrington v. Herrick, 64 Fed. 468; Cook v. Lewis, 26 Me. 340; Story on Partnership, sec. 347, 362; Fitzpatrick v. Flannagan, 106 U. S. 648; Emmerson v. Senter, 118 U. S. 30.

MARRON & WOOD, for Appellee.

The method provided by chap. 81 of the laws of 1901 for winding up partnership affairs on the death of a partner, is exclusive. Secs. 9, 10, 11, 13 and 14, chap. 81, laws 1901; Ballinger v. Red Head, 40 Pac. 828; Shattuck v. Chandler, 20 Pac. 225; Towler v. Bull, 44 Pac. 30; Emrich v. Heilbrun, 86 Pac. 145; Harrington v, Herrick, 64 Fed. 468.

The Probate Court had authority both to remove the original executors and to appoint an administrator of the partnership. Sec. 928, C. L. 1897; sec. 9, ch. 80, laws 1899; sec. 6, ch. 81, laws of 1901; Sutherland Stat. Cons. sec. 255; Koury v. Castillo, 13 N. M. 26.

Dow v. Simpson, 17 N. M. 357.

### STATEMENT OF FACTS.

M. B. Atkinson, a resident of Torrance County, New Mexico, died testate in said county in the year 1910 and his will was filed for probate on the 17th day of October, in the same year, after his death. By said will he disposed of all his property, real and personal, and named as executors of said will two of his sons, F. L. and A. J. Atkinson, who entered upon the discharge of their duties as such. At the time of his death, M. B. Atkinson and two other sons were partners, engaged in the sheep raising business under the firm name and style of M. B. Atkinson & Sons. The partnership was indebted to the State National Bank of Albuquerque, Milton Dow, appellee herein, the defendant Simpson, Gross Kelly & Co., and other parties. The executors under the will filed no inventory of the partnership property and no letters testamentary upon the partnership assets were applied for by or issued to, the executors named in the will or the surviving partners. After the death of Atkinson, Sr., and after the executors had entered upon their duties as executors of the personal estate under the will and while acting as such, the surviving members of the partnership made a settlement with Mr. Simpson, the appellant, whereby they sold him twelve or thirteen hundred head of sheep and lambs for $3,633.00, taking in payment the firm note due him for $2,284.00, and the balance was paid by Simpson to Gross Kelly & Co., on a preexisting debt of the firm. Simpson took possession of the sheep. No question was raised as to the good faith of the transaction or the price paid for the sheep.

After the attempted sale of the sheep, two of the unpaid creditors of the partnership estate filed in the Probate Court of Torrance County a petition, alleging that the executors of the last will and testament of M. B. Atkinson had been unfaithful to and had neglected their trust as such executors, and praying for their removal and asking that letters of administration with the will annexed issue to Milton Dow, or some other competent person. Citation was issued upon this petition, and such proceedings were had that the executors under the will were removed, their letters revoked and Milton Dow, the appellee, was appoint-

ed administrator with the will annexed of the estate of M. B. Atkinson, and duly qualified. M. D. Atkinson and Jesse Atkinson, the surviving partners of M. B. Atkinson & Sons, appeared at said hearing and renounced their rights to letter of administration upon the partnership estate and consented to the appointment of the appellee as administrator of the partnership estate, and an order was thereupon made by the probate court appointing appellee as administrator of the goods, chattels and credits of the co-partnership, upon his giving bond, which was done. After his appointment and qualification the administrator demanded the possession of the sheep and lambs sold the appellant by the surviving partners. The possession was refused and this action was instituted to recover the sheep and lambs or their value. The case was tried by the court, a jury having been waived, and the court made findings of fact embracing in substance the facts above set forth, together with other facts not pertinent here, and upon the facts stated conclusions of law, in substance as follows :

1st.   That the surviving partners were without authority to sell or dispose of any of the assets of said partnership until the appointment and qualifications of an administrator of said partnership assets.

2nd.   That the attempted sale conferred no title upon the defendant.

3rd.   That the probate court of Torrance County had power and jurisdiction to appoint the plaintiff as administrator of the assets and co-partnership of M. B. Atkinson & Sons.

4th.   That the plaintiff was entitled to recover from the defendant, etc.   Upon the facts found and conclusions of law stated judgment was entered for the appellee, from which judgment this appeal is prosecuted.

## OPINION OF THE COURT.

ROBERTS, C. J.—The questions involved in this appeal are based upon sections 9 to 14 inclusive of chapter 81 of the session laws of 1901, which read as follows:

"Section 9.   The executor or administrator of a deceased person, who was a member of a co-partnership,

Dow v. Simpson, 17 N. M. 357.

shall include in the inventory of such person's estate, in a separate schedule, the whole of the property of such partnership; and the appraisers shall estimate the value thereof, and also the value of each persons' individual interest in the partnership property, after the payment or satisfaction of all debts and liabilities of the partnership."

"Section 10. After the inventory is taken, the partnership property shall be in the custody and control of the executor or administrator, for the purpose of administration, unless the surviving partner shall, within five days from the filing of the inventory, or such further time as the court or judge may allow, apply for the administration thereof and give the undertaking therefor hereinafter prescribed."

"Section 11. If the surviving partner apply therefor, as provided in the last section, he is entitled to the administration of the partnership estate, if he have the qualifications and competency required for a general administrator. He is denominated an administrator of the partnership, and his powers and duties extend to the settlement of the partnership business generally and the payment and transfer of the interest of the deceased in the partnership property remaining after the payment or satisfaction of the debts and liabilities of the partnership, to the executor or general administrator within six months of the date of his appointment, or such further time, if necessary, as the court or judge may allow. In the exercise of his powers and the performance of his duties, the administrator of the partnership is subject to the same limitations and liabilities, and control and jurisdiction of the court, as a general administrator."

"Section 12. The undertaking of the administrator of the partnership shall be in a sum not less than double the value of the partnership property, and shall be given in the same manner and be to the same effect as the undertaking of a general administrator."

"Section 13. In case the surviving partner is not appointed administrator of the partnership, the administration thereof devolves upon the executor or general administrator; but before entering upon the duties of such

administration, he shall give an additional undertaking in double the value of the partnership property."

"Section 14.    Every surviving partner, on the demand of an executor or administrator of a deceased partner, shall exhibit and give information concerning the property of the partnership at the time of the death of the deceased partner, so that the same may be correctly inventoried and appraised; and in case the administration thereof shall devolve upon the executor or administrator, such survivor shall deliver or transfer to him on demand all the property of the partnership, including all books, papers and documents pertaining to same, and shall afford him all reasonable information and facilities for the performance of the duties of his trust."

The appellant's first contention is that the only persons elligible to appointment as administrator of a partnership estate, is the general administrator of a deceased partner, or the surviving partner or parents.    This contention is sound, but under the record and the findings of the court, is not involved in this case.    Here the record shows that the appellee was first appointed administrator of the personal estaté, upon the removal, by the probate court, of the theretofore qualified acting administrators or executors, and the same order also appointed appellee administrator of the partnership estate, and recites that M. D. Atkinson and Jesse Atkinson, surviving partners, in open court, "here now decline to act as administrators of the partnership estate, and consent that the said Milton Dow, heretofore appointed administrator with the will annexed of the said M. B. Atkinson estate be appointed such administrator of the partnership estate."    This entry by the probate court shows clearly that there is no merit in this point.    Counsel for appellant, who prepared the brief, was doubtless confused by the fact that there had been a prior order made by the probate court, appointing Milton Dow administrator of the partnership estate, but no action was had upon this pretended appointment, and the court probably discovered the error and proceeded no further thereunder.    After the second appointment, which was made

in conformity with the statute, the administrator qualified by giving the required bond to administer upon the partnership property.

Appellant's principal contention is that the method provided by chap. 81, of the Session Laws of 1901 for winding up partnership affairs on the death of a partner is not exclusive and that until the appointment and qualification of an administrator of the partnership the surviving partner should administer the partnership assets, and proceed to the settlement of the partnership affairs. If his contention is sound then the sale made by the partners of the sheep and lambs in question passed the title to them, and the judgment of the lower court was erroneous.

Prior to the passage of the act above set forth the common law method of winding up partnership affairs, upon the death of one of the partners, prevailed in New Mexico. Under the common law, undoubtedly the surviving partners had the power to dispose of the assets of the firm and pay the debts thereof. Several of the states have adopted statutory provisions for the winding up of the affairs of a partnership, upon the death of one of the members. Our attention has been called to the statutes of Maine, Kansas and the state of Washington, and our statute appears to be a verbatim copy of the statute of the latter state. Upon further research we find that Missouri and Mississippi also have statutory provisions upon the subject. The statutes of Missouri, Mississippi and Kansas appear to be almost identical, and the two former states hold that the code provisions interfere with the common law method when there is an administrator or executor of the personal estate and he sets the statute in motion. Holman v. Nance, 84 Mo. 677; McCaughan v. Brown, 76 Miss. 496, while the Kansas court has laid down the doctrine that,

"Upon the death of one of the members of the partnership, the partnership is dissolved and the surviving partner can do nothing by way of carrying on the partnership business only to hold possession of the partnership property and do such things as are necessary to pro-

tect it from loss until he has complied with the statute
and given bond as required." Ballinger v. Red Head, 1
Kan. App. 434, 40 Pac. 828, and this construction has
been adhered to in the later cases of Newhouse v. Heil-
burn, 74 Kansas 282, 86 Pac. 145, and Towler v. Bull,
44 Pac. 30.

Chapter 71 of the Revised Statutes of 1903 of Maine
contains provisions for the settlement of partnership es-
tates, upon the death of one of the members, some-
what similar to our own statute. In the case of Cook
v. Lewis, 36 Maine 340, the Supreme Court of Maine
had before it almost the identical question involved in
this case, and the statute does not appear to have been
changed since its original enactment in 1835. The opin-
ion, after an exhaustive review of the object and scope
of the statute, continues:

"It is thus evident that the object and intent of the
statute was, that ample security should be given for the
protection of all interested as a preliminary to granting
administration on the partnership estate, whether its af-
fairs were to be closed by one of its surviving members or
by the administrator of the estate of the deceased partner.
The necessity of applying to the court of equity is obvi-
ated by giving the judge of probate the same powers in
the case of a partnership administration as in any other
case of administration. It places the property under
the control of an administrator, who has given security
for the faithful performance of his duties, and who may
be removed upon proof of misconduct. It thus most ef-
fectually protects the rights of the creditors and the
representatives of the deceased partner which before were
in peril from the fraud or negligence of the survivor, and
affords a jurisdiction where all controversies may be sum-
marily determined and speedily enforced. It substitutes
an administration with security for its due performance
for one without. It requires, not merely that the estates
of the deceased partner but of the firm of which he was
a member should be settled through the probate office and
under the supervision of the judge of probate. Each pro-
vision tends to show that no sale of the goods, and that no

transfer or disposition of the effects of the partnership can be legally made before the appointment of a partnership administrator. The conclusion then is, that· no surviving partner can legally dispose of the partnership property except as an administrator duly appointed." This holding by the court has since been consistently adhered to by the Maine Court.

As our statute, however, was taken from the state of Washington verbatim, it is our duty to give to it the judicial construction placed upon it by the Washington court, as the presumption is, that our legislature in adopting it, also intended to adopt the judicial construction placed upon it by the courts of that state. Bremen Mining Co. v. Bremen, 13 N. M. 110.

Both parties to this appeal admit the soundness of this doctrine, but differ as to the construction of the statute by the courts of Washington. The appellant cites the case of Dyer v. Morse, 10 Wash. 492, 39 Pac. 138, as supporting the construction for which he contends. It is true that the court held in that case that the statute there under consideration was only in aid of he common law method, and until invoked by the administrator of the personal estate the surviving partner could proceed under the common law, but the statute there under consideration does not appear to be the same statute which was copied by our legislature. The court was construing a statute enacted in 1862, which we have no access to, but the opinion upon which counsel relies shows plainly that this statute was changed in 1873. The court says: "At the time of the death of said Allingham the statute in relation to this question enacted in 1862 was in force and it is claimed on the part of the appellants that this statute must govern, while the respondent contends that since there was no attempt to pass the title to the property in question until 1883, the law upon this subject enacted in 1873 must control. In our opinion, for the purpose of this case, the contention of appellants must be sustained."

This contention was sustained because all the debts had been paid and the property transferred before the passage of the act of 1873, thus plainly indicating that the

holding would or might have been different under the
later act. The principal contention urged in that case
was that there was no way by which the statute could be
set in motion by the surviving partner, but this objection
appears to have been obviated by a later statute, for the
court, in Brigham Hopkins Co. v. Gross, 54 Pac. 1127, in
discussing the Dyer v. Morse case, and the act of 1862,
says:

"We have not re-examined that act, but it is evident
that the case can have no controlling force under the pres-
ent law; for under section 141, 2 Ballinger's Ann. Codes
& St., in case of the failure of any one of the preferred
parties to apply, the survivor may apply for letters of ad-
ministration."

From the foregoing it is evident that the Dyer v. Morse
case can have no controlling weight in the construction
of the present statute. Under sections 1964 and 1965,
C. L. 1897, the surviving partner has the same right to
apply for letters of administration as the surviving partner
has under the Washington statute referred to by the
court in the Brigham Hopkins Co. v. Gross case. If an
administrator of the personal estate is appointed and fails
to file the inventory of the partnership estate as required
by our statute, he has his remedy in the Probate Court
and by proper proceedings can compel the filing of
the inventory, or secure the removal of the derelict
administrator. The decisions of the Washington court,
based upon the present statute, from which our statute
was taken, all support the contention of appellee that
the method pointed out by the statute for winding up
partnership affairs on the death of a partner is exclusive;
and until the appointment and qualification of an admin-
istrator of the partnership, the surviving partners have
no powers to sell or dispose of the partnership assets.

The Circuit Court of Appeals, Second Circuit, in the
case of Harrington v. Herrick, in construing the Wash-
ington statute, quotes with approval the Maine case of
Dyer v. Morse, supra, and then says:

"As the statute requires a bond from the surviving part-
ner as a condition it follows that until he gives it he may

not dispose of any part of the partnership property, nor is he entitled to its possession as respectively declared·in those (the Maine) cases." This interpretation of the Washington statute was expressly approved by the Supreme Court of the state in the case of Brigham Hopkins Co. v. Gross, 70 Pac. 480, in which the court said:

"Section 6180 and the following sections in reference to the administration of partnership estates were correctly construed in Harrington v. Herrick, 64 Fed. 468."

From this construction of the statute, and following the Maine case of Cook v. Lewis supra, it follows that until the appointment of an administrator of the partnership assets and his qualification by giving bond as required by the statute, the statute has taken from the surviving partner all rights to dispose of partnership assets, and if he attempts to do so in violation of the statute, his acts are a nullity and confer no rights upon a person, attempting to take title from him. That this result is highly salutary cannot be disputed, and its effect is to secure the protection of the rights of the deceased partners' representatives and the creditors of the partnership. It works no hardship upon the surviving partner, but merely requires that he shall give a bond for the protection of those interested in the partnership estate and does not take away from him the right to settle the partnership business, if he chooses to comply with the statute.

Appellant further contends that the probate court had no power to remove the executors of the estate of M. B. Atkinson, deceased, but this question was settled adversely to the appellant by the territorial supreme court, in an opinion written by Mr. Justice Parker, in the case of Koury v. Castillo, 13 N. M. 26.

The further contention is made that the winding up of partnership estates, under the common law, belonged to the equity side of the court, and therefore cannot be conferred upon probate courts, as such courts had only the powers of such courts as they were known to the common law and could not be invested with power and jurisdiction which belong to the common law or equity courts. It is true that the adjustment of

the affairs of the partners, their settlement and accounting among themselves, belonged to the equity side of the court, but there is nothing in the present act **6** which confers that power upon the probate court or attempts to do so. In the absence of fraud or other grounds of invoking equitable jurisdiction in the settlement of partnership; the paying of debts, the collection of assets, the enforcing of claims against the partnership assets, was not a matter of equitable cognizance, but was carried on by the ordinary processes of suit. The executor or administrator of the deceased partner, appointed by the probate court, had full power, even at common law, to assert the rights of the decedent in the winding up of the affairs of the partnership, and the act of 1901 merely confers auxiliary powers upon the personal representative in aid of the administration of the estate; providing at the same time means whereby the surviving partner can exercise those powers if he chooses to do so. It does not attempt to interfere with the settlement of the affairs of the partnership, in so far as the rights between the partners are concerned, but does require a bond for the protection of the interest of the representatives of the deceasd partner, in the partnership assets. It substitutes a control of the assets by a person under bond, for a person without a bond. The powers granted to the probate court under the act of 1901 merely go to the extent of appointing an administrator for the protection of so much of the estate as is involved in the partnership assets. The protection to creditors, though likewise accomplished, being merely incidental. That they have power to appoint the administrator so far as he has charge of the share of the deceased partner in the partnership assets cannot be disputed. The rule, as to their general incidental powers, is thus stated in 11 Cyc. page 680

"There seems, however, to be a general tendency, in the absence of express and specific restrictions to the contrary, to uphold the exercise by these courts of such incidental powers as are within the purview of their grant of authority, reasonably necessary to enable them to ac-

complish the objects for which they are invested with jurisdiction and to perfect the same."

Finding no error in the record, the judgment of the lower court is affirmed.