WILLIAM L. PUTNAM, *Adm'r*, *versus* GEORGE W. PARKER.

If, upon citation, the surviving partner of a firm decline to give the bond provided in R. S., c. 69, § 2, the administrator of the deceased partner, on giving the bond prescribed for him, is entitled to the possession of the partnership estate for administration; and may maintain replevin therefor against an officer who has attached such estate in an action by a creditor of the firm, against the surviving partner.

ON FACTS AGREED.

REPLEVIN. The facts are sufficiently stated in the opinion.

*Putnam, pro se.*

*Davis & Drummond*, for the defendant.

TAPLEY, J. — From the report in this case, it appears, that Andrew T. Dole and Franklin C. Moody, for a time prior to August 7, 1866, were partners in business, under the firm name of Dole & Moody. That, upon the 7th of August, 1866, said Dole died, leaving Moody the survivor. That, upon the 17th day of said August, Jefferson Coolidge *& als.*, sued out a writ against said Moody, as surviving partner, to enforce a claim due from Dole & Moody, as partners. That the defendant, as sheriff of the county of Cumberland, by virtue of said writ, claimed to attach certain goods which belonged to the late firm of Dole & Moody,

and took possession of them. That, in the month of September, 1866, the plaintiff was appointed administrator of the goods and estate of said Dole, and, upon proper anterior proceedings, gave the bond referred to in c. 69 of the R. S., and immediately after, demanded of the defendant possession of the goods and chattels he claimed to hold upon said writ. That the defendant refused to deliver up the goods, and the plaintiff brought this action of replevin for the same.

The defendant claims that he had, at the time the plaintiff's writ was sued out, duly and legally attached the goods in question, upon the writ of Coolidge *& als.*, and had a right to retain the possession thereof, *to* satisfy any judgment that might be recovered in said action.

This the plaintiff in this action denies, and the real question here is, whether Coolidge *& als.* had obtained such a lien upon these goods as excluded the plaintiff from the right to the possession of them.

The executor or administrator of a deceased member of a partnership is required by law to include, in his inventory of the estate of the deceased, " the property of the partnership," and this property is to be retained, and *administered*, unless the surviving partner gives such bond as is required by law, and takes the property himself. R. S., c. 69, §§ 1 and 2.

From these requirements, it necessarily follows that, the actual possession of " the property of the partnership" falls to the administrator, unless the surviving partner gives the requisite bond.

The administrator, or survivor, however, succeeds to the right of possession, subject to the rights of any other person having an interest in, or a valid lien thereon.

Upon the death of Dole, the partnership was dissolved, and the law contemplates an entire cessation of its business. The goods and effects in possession, are held by the survivor and the representatives of the deceased, as tenants in common. *Cook* v. *Lewis*, 36 Maine, 342.

No sale of the goods, and no transfer or disposition of the effects of the partnership, could be legally made by either before the appointment of an administrator of the estate, or a qualification of the survivor as provided by the statute in such cases. R. S., c. 69; *Cook* v. *Lewis*, 36 Maine, 345.

All power of disposition of the goods being either in an administrator, or surviving partner thus qualified, no valid attachment upon mesne process could be made of them in a suit against the survivor, as upon a demand due from the late firm. The law has provided a different and specific mode of disposing of them in such cases, viz., through the agency of an administrator or the survivor of the firm, acting under the securities of a bond and subject to the supervision of the Court of Probate.

The *object* of attaching personal property on mesne process is, that it may be taken and sold after judgment, upon execution process, and property which cannot be so sold is not attachable by judicial process under the laws of this State. *Nichols* v. *Valentine*, 36 Maine, 322.

As neither the defendant, or those whom he represented, could sell the property upon any final process which could issue upon the suit they had commenced, the assumed act of attaching upon the writ was void and created no lien. The result is, the defendant held the goods without warrant of law, and was bound to deliver them upon demand to the plaintiff, who had been duly qualified to receive and *administer* them.

Whether the private creditor of the survivor may, or not, attach and sell the interest which the survivor may have in the goods after the settlement of the partnership account, or what particular course of proceeding, (if any,) he should adopt in such a case, are questions not now before us and need not be discussed; neither is it necessary now to determine what the duties and liabilities are, which the law imposes upon this plaintiff in the settlement of the estate, and in the distribution of the funds received therefrom. Such questions will receive attention when they arise; *it is suffi-*

cient for the purposes of this case, that the law invests the plaintiff with the right of possession and disposition of the goods in question, and therefore entitles him to judgment in this action.        *Judgment for plaintiff.*

*Damages assessed at one dollar.*

APPLETON, C. J., KENT, WALTON, BARROWS and DAN-FORTH, JJ., concurred.