## HARRINGTON v. HERRICK.

(Circuit Court of Appeals Ninth Circuit. October 24, 1894.)

No. 126.

DEATH OF PARTNER—SUBSEQUENT ACTION ON FIRM NOTE.

2 Hill's Ann. St. and Code Wash. §§ 947–953, provide that on the death of a member of a partnership his administrator shall include in the inventory, in a separate schedule, all the firm's property, and be entitled to its custody and control for the purposes of administration, and that he shall give bonds in a sum double its value, and administer thereon the same as on estates of decedents, unless the surviving partner shall within five days after the inventory is filed, or such other time as the court allows, apply for administration of the copartnership estate, and give bonds in a sum double the value of the property. *Held*, that, where one of the members of a partnership dies, and his administrator administers the firm's estate because of failure of the surviving partner to apply for administration, such administrator is not a necessary party to an action against such survivor on a note given by the firm.

Error to the United States Circuit Court for the District of Washington, Northern Division.

Action by E. M. Herrick against W. A. Harrington, surviving partner of the firm of Harrington & Smith, on promissory notes executed by such firm. There was an order sustaining a motion to strike defendant's plea in abatement, and a judgment for plaintiff. Defendant brings error. Affirmed.

Plaintiff in the court below brought his action against the defendant upon four promissory notes executed in the firm name of Harrington & Smith, averring that the defendant, W. A. Harrington, and one Andrew Smith were, at the date of the execution of said notes, copartners doing business as merchants at the city of Seattle, in the state of Washington, and at the city of San Francisco, Cal., under the firm name and style of Harrington & Smith. The complaint also averred that prior to the commencement of the action the said Andrew Smith died, in the state of California, and that the defendant, Harrington, was the only surviving

member of the said firm of Harrington & Smith. To this action the defendant filed a plea in abatement, to which the court below sustained a demurrer. The defendant thereupon filed an amended answer, which, after traversing certain of the allegations of the complaint, set forth certain affirmative defenses, and concluded with the following plea in abatement:

## "Division X.

"Further answering, and for plea in abatement herein, defendant states:

"(1) That there is a defect of parties defendant in this action, to wit, that the said action is based upon four separate and distinct obligations in writing, each of which is a joint obligation executed in the name of Harrington & Smith, a copartnership consisting of W. A. Harrington and Andrew Smith, and existing at all the times in plaintiff's complaint mentioned up to the 31st day of December, 1891, when the said Andrew Smith died.

"(2) That, under and by virtue of the laws of the state of Washington it is provided that in the case of the decease of one of the members of a copartnership the executor or administrator of such deceased copartner shall include in the inventory of such person's estate, in a separate schedule, the whole of the property of such copartnership, and shall be entitled to the custody and control of all the copartnership property for the purpose of administration, and shall give bonds of double the value of the copartnership property, and shall administer thereon in the same manner as provided for the administration of the estates of deceased persons, unless the surviving partner shall within five (5) days from the filing of said inventory, or such other time as the court may allow, apply for the administration of such copartnership estate, and give bonds therefor in double the value of such property.

"(3) That on the 11th day of March, A. D. 1892, by the order of the superior court of the state of Washington, county of King, sitting in probate, A. E. MacCulsky and Frank Hanford were duly appointed such administrators of the estate of the said Andrew Smith, deceased, in the state of Washington; and this defendant, W. A. Harrington, having waived his right to the administration of said copartnership estate, and consented thereto, the said A. E. MacCulsky and Frank Hanford were by the orders of said court upon said date duly appointed administrators of the entire estate of the said copartnership of said Harrington & Smith.

"(4) That the said administrators have duly qualified, and have given bonds for double the value of the said copartnership property in the manner provided by law, and have entered upon the discharge of their duties as such administrators, and taken into their possession, custody, and control the assets of the said copartnership, and are now proceeding to administer thereon in the manner provided by laws of the state of Washington.

"(5) That the said copartnership property is within the state of Washington, and within the jurisdiction and control of the said superior court sitting in probate, and is now in process of administration as aforesaid.

"(6) That by reason of the premises hereinbefore set forth this defendant has not possession of the copartnership property, and has no control thereof as the surviving partner of the said copartnership of Harrington & Smith or otherwise.

"(7) That by reason of the premises aforesaid the said administrators of the estate of the late copartnership of Harrington & Smith aforesaid, to wit, A. E. MacCulsky and Frank Hanford, are necessary parties defendant herein, and are within the jurisdiction of this court, and the process of this court can be duly and legally served upon said administrators; and that defendant avers that without the presence of the administrators herein as parties defendant to this action all of the rights of the parties to this cannot be fully and finally determined. Wherefore defendant prays: First. That this cause be abated until the said A. E. MacCulsky and Frank Hanford be brought in and made parties defendant to this action as administrators of the estate of the said copartnership and of the estate of the said Andrew Smith."

The said cause being called for trial on the 20th day of March, 1893, plaintiff moved the court to strike from defendant's answer the foregoing plea in abatement, which motion was treated by the court and parties as a renewal of his demurrer. The court thereupon sustained said motion, and ordered said plea stricken from said answer, to which the defendant at the time duly excepted, and his exception was allowed. A judgment was thereafter rendered in favor of the plaintiff and against the defendant in the court below for the full amount of said notes with interest. From said judgment and the foregoing order striking out defendant's plea in abatement the said defendant now appeals to this court.

The following is the statute law of the state of Washington in relation to the administration of copartnership estates, contained in volume 2 of Hill's Annotated Statutes and Code of Washington:

"Sec. 947. (1435.) The executor or administrator of a deceased person who was a member of a copartnership shall include in the inventory of such person's estate, in a separate schedule, the whole of the property of such partnership; and the appraisers shall estimate the value thereof, and also the value of such person's individual interest in the partnership property, after the payment or satisfaction of all the debts and liabilities of the partnership.

"Sec. 948. (1436.) After the inventory is taken, the partnership property shall be in the custody and control of the executor or administrator for the purposes of administration, unless the surviving partner shall within five days from the filing of the inventory, or such further time as the court may allow, apply for the administration thereof, and give the bond therefor hereinafter prescribed.

"Sec. 949. (1437.) If the surviving partner apply therefor, as provided in the last section, he is entitled to the administration of the partnership estate, if he have the qualifications and competency required for a general administrator. He is denominated an administrator of the partnership, and his powers and duties extend to the settlement of the partnership business generally, and the payment or transfer of the interest of the deceased in the partnership property remaining after the payments or satisfaction of the debts and liabilities of the partnership, to the executor or general administrator, within six months from the date of his appointment, or such further time, if necessary, as the court may allow. In the exercise of his powers and the performance of his duties, the administrator of the partnership is subject to the same limitations and liabilities, and control and jurisdiction of the court, as a general administrator.

"Sec. 950. (1438.) The bond of the administrator of the partnership shall be in a sum not less than double the value of the partnership property, and shall be given in the same manner and be of the same effect as the bond of a general administrator.

"Sec. 951. (1439.) In case the surviving partner is not appointed administrator of the partnership, the administration thereof devolves upon the executor or general administrator, but before entering upon the duties of such administration he shall give an additional bond in double the value of the partnership property.

"Sec. 952. (1440.) Every surviving partner, on the demand of an executor or administrator of a deceased partner, shall exhibit and give information concerning the property of the partnership at the time of the death of the deceased partner, so that the same may be correctly inventoried and appraised; and in case the administration thereof shall devolve upon the executor or administrator, such survivor shall deliver or transfer to him, on demand, all the property of the partnership, including all books, papers, and documents pertaining to the same, and shall afford him all reasonable information and facilities for the performance of the duties of his trust.

"Sec. 953. (1441.) Any surviving partner who shall refuse or neglect to comply with the requirements of the last section may be cited to appear before the court; and unless he show cause to the contrary, the court shall require him to comply with such section in the particular complained of."

The court overruled the demurrer to the complaint, and sustained the demurrer to the plea. These rulings are assigned as error.

E. C. Hughes, for plaintiff in error.
Wm. Lair Hill, for defendant in error.

Before McKENNA, Circuit Judge, and ROSS, District Judge.

After stating the case as above, McKENNA, Circuit Judge, delivered the following opinion:

It is conceded by plaintiff in error that according to the common law the action was properly brought, and to establish it defendant in error quotes a number of text writers and decisions. We may therefore start with this rule as established.

It is expressed in Bates on Partnership (section 746), as follows:

"In collecting claims due from the firm by action against the surviving partner the remedy is at law, and not in chancery, for the survivor has all the assets, and there is no need to apply to equity, and the creditor has no lien; and the same principles apply, as nearly as possible, that govern an action by the surviving partner to collect a claim. The surviving partner is severally liable, in all jurisdictions, whether the administrator can also be sued or not. Death severs the promise, and, though it may become joint and several by statute or decision, it is, after death, nowhere joint."

The plaintiff in error, however, contends that the rule has been changed by the Washington statute. Counsel say on pages 9 and 10 of brief:

"In Story on Partnership (section 361), it is said: 'The joint creditors of the partnership, while all partners are living and solvent, can enforce no claim against the joint effects or separate effects of the partners except by a common action at law. It is only in cases where there is a dissolution by the death or bankruptcy of one partner that the right of the joint creditors can attach as a quasi lien upon the partnership effects, as a derivative subordinate right, under and through the lien and equity of the partners.' It is our contention that it was upon this principle, and this alone, that the right of the partnership creditor to prosecute his demand against the surviving partner was originally recognized by the courts. The creditor was deemed to have an equitable right through the lien and equity of the partners to have his demand satisfied out of the copartnership estate. As the surviving partner had the entire control and power of disposition over this estate, the creditor was permitted to proceed directly against the survivor. In this state, however, a complete substitute is provided by statute for the common-law method of settling copartnership estates."

Counsel, however, do not establish their deduction by any case, and their reasoning is not satisfactory. The Washington statute does not take away the right a surviving partner has of administering the assets of the firm, but only guards it in the interests of representatives of the deceased partners, by requiring a bond, and substitutes the supervision of the probate court for a court of equity. The obligations of the surviving partner are not released, and the remedies of the creditors are not changed. If this had been the intention, surely it would have been clearly expressed, as counsel for the defendant rightly urges. "No statute," said Mr. Justice Strong in Shaw v. Railroad Co., 101 U. S. 565, "is to be construed as altering the common law, further than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express." See, also, Burnside v. Whitney, 21 N. Y. 148. Cook v. Lewis, 36 Me. 340, and Putnam v. Parker, 55 Me. 235, are not opposed

to this interpretation of the Washington statute. As the statute requires a bond from the surviving partner as a condition, it follows that until he gives it he may not dispose of any part of the partnership property, nor is he entitled to its possession, as respectively declared in those cases. It was decided, however, in Strang v. Hirst, 61 Me. 10, that after giving bond a suit for the recovery of assets must be prosecuted in the name of the surviving partners; citing Putnam v. Parker, supra.

It is not necessary to pass on the point made by defendant that there can be no reversal in this court for error in ruling on any plea in abatement other than a plea to the jurisdiction of the court. But see Stephens v. Bank, 111 U. S. 197, 4 Sup. Ct. 336, 337.

The judgment of the circuit court is affirmed.