[No. 3089. Decided November 22, 1898.]

BRIGHAM HOPKINS COMPANY, *Appellant,* v. DAVID GROSS *et al., Respondents.*

PARTNERSHIP—ACTIONS AGAINST SURVIVING PARTNERS.

An action at law cannot be maintained against the survivors of a partnership to recover a debt due from the firm, pending the settlement of the partnership estate, under the statutes of this state giving the right of administration of partnership estates to the survivors.

Appeal from Superior Court, Pierce County.—Hon. Thomas Carroll, Judge. Affirmed.

*Charles A. Murray* and *John H. McDaniels,* for apellant.

*Fremont Campbell* and *Charles S. Fogg,* for respondents.

The opinion of the court was delivered by

Scott, C. J.—The question presented by the appeal herein is whether an action at law can be maintained against the survivors of a partnership, pending the settlement of the partnership estate, to recover a debt due from the firm. In *Dyer v. Morse,* 10 Wash. 492 (39 Pac. 138), construing in part the act of 1862, the effect of the holding was that such an action might be maintained, and that said act was in aid of the common law method of closing

up such estates and not exclusive thereof. One reason advanced was that there was no method pointed out by which the surviving partner could set the machinery provided for by the statutes in motion. We have not re-examined that act, but it is evident that the case can have no controlling force under the present law, for under § 6141, Bal. Code (2 Hill's Code, § 900), in case of the failure of any one of the preferred parties to apply, the survivor may apply for letters of administration; and, if such other application is made, then, under §§ 6189, 6190, Bal. Code (2 Hill's Code, §§ 948, 949), the survivor would be entitled to administration of the partnership estate, if generally qualified, upon applying within the time specified and giving the bond required.

His rights under this act, however, are prescribed and essentially different from what they were under the common law. The principle upon which the survivors were allowed to be sued at common law was that, upon the death of one member of the firm, they succeeded to the entire partnership property as a matter of right, and might proceed with the due settlement of the partnership estate practically unrestricted. We have no statute making such contracts several, and, as the unqualified right to administer upon the partnership estate has been taken from the survivor, it would seem as though, in the absence of legislation authorizing it, the reason for sustaining an action against him, unless the partnership estate is insolvent, no longer exists. A hardship might result to one party or the other, however the case may be decided, and it is an appropriate subject for further legislation. It certainly might be a hardship upon the creditor to require him to postpone action against the surviving partners to reach their individual estate until the partnership estate has been settled, with the possibility of the individual estates meanwhile being disposed of or rendered unavailable in consequence

of further individual debts being contracted which would be entitled to prior payment. Upon the other hand, if this action could be maintained, it seems that the firm creditor would not be compelled to present his claim against the partnership estate at all, or against the separate estate of the deceased partner, but might bring his action against the survivors in the first instance at any time within the period of the statute of limitations; and, pending that time, both the partnership estate and the individual estate of the deceased member might be settled and all claims against them barred, so that the survivor could not reimburse himself or enforce contribution from the separate estate of the deceased.

An equitable method would be to compel the firm creditor to present his claim against the partnership estate and the estate of the deceased, and, if disallowed, to bring suit thereon within the time required, but that, after having done so, he should not be compelled to await the final settlement, but might be allowed to proceed against the survivors. In that case, the debt having been preserved as a claim against the estates, partnership and separate, whether allowed or disallowed, as the case might be, then, in case of a recovery against the survivor, he would become subrogated to the rights of the creditor against the partnership estate and the separate estate of the deceased member, and complete justice could be done. But this could only be brought about by legislative enactment. In the respondents' brief, authority has been cited sustaining the proposition that a delay in suing until after the partnership estate has been closed would bar an action against the survivor, but that was in equity. We do not see how it could apply to the present action. No reply brief has been filed, and a number of the propositions advanced by the respondents are unanswered, and we have been embarrassed to some extent in the consideration of the question. But, for

the reasons stated, we think the judgment of the lower court, holding that the action could not be maintained, should be affirmed.

ANDERS, DUNBAR, GORDON and REAVIS, JJ., concur.