### BRIGHAM-HOPKINS CO. v. GROSS et al.

#### (Circuit Court, D. Washington, W. D. March 18, 1901.)

1. JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY—JOINDER OF CAUSES OF ACTION.

A federal court has jurisdiction of an action at law between citizens of different states to recover an amount in excess of $2,000, based upon a number of separate claims, some of which were assigned to the plaintiff by others, where the joinder of such claims is permitted by the statute of the state, and the assignors were all residents of states other than that of defendant's residence, although no one of the claims is alone sufficient in amount to give the court jurisdiction.

2. PARTIES—CLAIMS AGAINST PARTNERSHIP—ACTION AGAINST SURVIVING PARTNERS.

Under the statutes of Washington an action may be maintained against a surviving member of a partnership to collect a firm debt without joining as a defendant the administrator of the deceased partner, and without pleading any excuse for the nonjoinder.

3. LIMITATIONS—ACTIONS AGAINST SURVIVING PARTNERS.

Where it has been determined by the federal courts, contrary to the rule of the state courts, that under the statutes of a state a partnership creditor may maintain an action on his claim against the surviving partners without joining the administrator of a deceased partner, limitation runs against such an action brought in a federal court, and cognizable therein, from the time the cause of action accrued, notwithstanding provisions of the state statute which suspend the right of action against the estate of the deceased partner pending administration, and provide that the time of such suspension shall not be counted in computing the period of limitation.

At Law. On demurrer to complaint.

Action at law, against the surviving members of the late firm of Gross Bros., citizens of the state of Washington, by a citizen of a different state, alleging as a first cause of action an indebtedness of the firm to him amounting to less than $2,000, and setting forth in his complaint other causes of action, alleged to have been assigned to him by creditors of the firm, each of the assignors being a citizen of a state other than the state of Washington, and each of the assigned claims being for a sum less than $2,000. The amount in controversy, including all the several causes of action, exceeds $2,000. The action was commenced after the time allowed by the statute of limitations of the state for commencing such actions had expired. Demurrer to complaint sustained.

Bates & Murray and J. H. McDaniels, for plaintiff.

F. Campbell and Fogg & Fogg, for defendants.

HANFORD, District Judge (after stating the facts as above). By their demurrer the defendants dispute the right of the plaintiff to

maintain this action on three grounds, viz: First, the case is not cognizable in this court, for the reason that, if no assignment had been made to the plaintiff by other creditors, no action could be maintained in this court to collect either of the demands in suit, as the amount of each is less than the jurisdictional limit; second, the complaint fails to allege any reason for not joining the administrator or other representative of the deceased partner as a defendant; third, the action is barred by the statute of limitations.

The Code of this state authorizes a plaintiff to unite several causes of action in one complaint when they all arise out of contracts express or implied (2 Ballinger's Ann. Codes & St. § 4942); and, as the demurrer admits the assignments, this plaintiff has a legal right to join all of the several demands which he holds against the firm in one action. We have, therefore, a civil action between citizens of different states, and the amount in controversy exceeds $2,000. These facts bring the case clearly within the jurisdiction of this court, unless it belongs to the class of cases excepted by the subdivision of the first section of the act of congress of August 13, 1888, relating to suits by assignees of choses in action (1 Supp. Rev. St. U. S. [2d Ed.] 612). The exact question here presented has received careful consideration by Judge Shiras in the case of Chase v. Roller-Mills Co. (C. C.) 56 Fed. 625, in which the learned judge, after admitting that, literally construed, the language of the statute would deny the jurisdiction of a federal court under such circumstances, applied a rule of construction for which authority is found in the case of Holmes v. Goldsmith, 147 U. S. 150, 13 Sup. Ct. 288, 37 L. Ed. 118, and thereby reached a conclusion that the restriction in regard to suits upon assigned choses in action is intended to prevent the creation of jurisdiction by the transfer of claims held by citizens of the same state of which the debtor is a citizen, and that it does not bar actions by an assignee to collect debts amounting to less than $2,000, assigned by persons entitled themselves to sue in a federal court. The circuit court of appeals for the Eighth circuit has also passed upon this question in the case of Bowden v. Burnham, 8 C. C. A. 248, 59 Fed. 752, and decided that, when the plaintiff in an action has acquired in good faith, from citizens of states other than the state of which the defendant is a citizen, claims amounting in the aggregate to more than $2,000, he has a right to sue on all such claims in one action in a United States circuit court, although no one of the claims is sufficient in amount to be the subject of a separate action within the jurisdiction of the court. Similar views of the law appear to have been taken by Judge Coxe in the case of Stanley v. Board (C. C.) 15 Fed. 483; by Judge Deady in Hammond v. Cleaveland (C. C.) 23 Fed. 1; and by Judge Speer in the case of Bernheim v. Birnbaum (C. C.) 30 Fed. 885. See, also, 1 Desty, Fed. Proc. (9th Ed.) p. 420; 1 Enc. Pl. & Prac. pp. 722, 723. My attention has not been directed to any authority giving to the statute a different construction. I feel justified, therefore, by the authorities, in asserting that this court has jurisdiction of the case, without taking the pains to make any further argument in support of this conclusion.

In their argument upon the second ground of the demurrer the

defendants rely upon the statutes of this state providing for the administration of co-partnership estates and the decision of the supreme court of the state of Washington in an action by the plaintiff in this case against the same defendants. Brigham-Hopkins Co. v. Gross, 20 Wash. 218, 54 Pac. 1127. While great respect is due to the decisions of the highest court of this state of questions affected by local laws of the state, still the decision of the circuit court of appeals for the Ninth circuit in the case of Harrington v. Herrick, 12 C. C. A. 231, 64 Fed. 468, holding to a different rule, must be treated as superior authority in this court. In the case last cited this court ruled that an action could be maintained against a surviving partner to collect a firm debt without making the administrator of the partnership estate a party to the action, and without pleading any excuse for the nonjoinder, and that ruling was affirmed by the circuit court of appeals.

The plaintiff has endeavored to avoid the statute of limitations by citing section 4812, Ballinger's Ann. Codes & St., which provides that, "when the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action." It is said that the decision of the supreme court of this state gave effect to the statutes of the state, so that they operated as a bar to the commencement of an action during the pendency of administration proceedings upon the partnership estate of the firm of Gross Bros. But, if the case is cognizable in this court, then, under the rule of law in Harrington v. Herrick, 12 C. C. A. 231, 64 Fed. 468, the statutes of the state did not bar an action in this court, and the plaintiff was not hindered by an injunction. Therefore, having already decided that the action is one which the plaintiff had a right to prosecute in this court if it had been commenced in time, and that the pendency of administration proceedings constituted no impediment, I am now constrained to sustain the demurrer upon the ground that at the time of the commencement of the action it was barred by the statute of limitations. Demurrer sustained.