[No. 4359.  Decided October 29, 1902.]

BRIGHAM-HOPKINS COMPANY, *Appellant,* v, DAVID GROSS

*et al., Respondents.*

PARTNERSHIP — DEATH OF PARTNER — SETTLEMENT OF ESTATE — LIA-
BILITY OF SURVIVING PARTNERS.

After the settlement of a partnership estate upon the death
of one of the partners, the creditors of the firm may maintain an
action against the surviving partners for any balance of their
claims remaining unpaid. *(Brigham-Hopkins Co. v. Gross,* 20
Wash. 218, limited).

SAME — ACTION AGAINST SURVIVING PARTNERS — SUSPENSION OF STA-
TUTE OF LIMITATIONS.

The right of partnership creditors to enforce their claims
against surviving partners being postponed under the provisions
of Bal. Code, §§ 6189, 6190, until after the settlement of the de-
ceased partner's estate, the running of the statute of limitations
against such claims would be suspended during such period.

Appeal from Superior Court, Pierce County.—Hon.
WILLIAM O. CHAPMAN, Judge.  Reversed.

*Bates & Murray, C. M. Easterday* and *John H. Mc-
Daniels,* for appellant.

*Fremont Campbell* and *Fogg & Fogg,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—This action was brought in the lower court
against the respondents, who are the surviving members of
a partnership known as Gross Brothers, to recover upon five
separate accounts contracted by the firm of Gross Brothers
prior to its dissolution.  The firm, at the time the ac-
counts sued on were contracted, was composed of David
Gross, Morris Gross, Ellis Gross, and Abraham Gross.
After the debt was contracted, Abraham Gross died, and
two of the surviving members of the firm were appointed

administrators of the partnership estate. Thereafter a claim for the indebtedness was duly filed with the administrators of the partnership estate and allowed. Subsequently a dividend of sixteen per cent. was ordered paid upon the claims against the partnership estate. This dividend exhausted the partnership estate. After the assets of the partnership estate were all distributed, and the estate finally settled, and the administrators discharged, the appellant brought this action against the survivors for the balance of its claim, alleging the facts set out above, and in addition thereto that the estate of Abraham Gross, deceased, was insolvent, and had been fully settled, and the administrator thereof discharged. A demurrer to the complaint was sustained by the court below, and the cause dismissed. Plaintiff appeals.

The principal question presented on this appeal is, can a creditor of a partnership maintain an action against the surviving partners thereof after the death of one of the partners, and after the settlement of the partnership estate, when the partnership assets have not been sufficient to pay all the debts of the partnership? In the case of *Brigham-Hopkins Co. v. Gross,* 20 Wash. 218 (54 Pac. 1127), which was a case brought by this appellant against these same respondents upon the same indebtedness, it was held that the appellant could not maintain the action pending the administration of the partnership estate, because, under §§ 6189 and 6190, Bal. Code, the surviving partners were entitled to administration upon the partnership estate, which was primarily liable for the partnership debts. Whatever may be said as to the correctness of the rule therein announced, it cannot be said that such a rule is not just, especially where no rights of the creditors are lost by reason of the delay. Ordinarily the partnership assets

should first be subjected to the payment of partnership debts, before the individual property of a partner is subjected thereto.    Parsons, Partnership (4th ed.), § 253. And this we think is as far as the rule in that case was intended to apply, and is as far as we now think it should be permitted to extend.    While we do not desire to overrule the decision upon the point decided in that case, viz., that a creditor cannot maintain an action against surviving partners pending settlement of the partnership estate in probate, we deem it advisable to say that much of the argument of that decision is merely dictum, which, upon fuller investigation, we cannot follow.    The rule is well settled that at law the creditors of a partnership must bring their actions against the surviving members only.    Parsons, Partnership (4th ed.), § 349; 2 Bates, Partnership, § 746; Story, Partnership, §§ 358-361; George, Partnership, p. 384; 1 Lindley, Partnership (2d Am. ed.), p. 676; Shumaker, Partnership, p. 438.    There is no statute of this state changing the common law in this respect.    The rule, therefore, under § 4783, Bal. Code, prevails here.    Section 6188, Bal. Code, and the following sections in reference to the administration of partnership estates, were correctly construed in *Harrington v. Herrick,* 64 Fed. 468 (12 C. C. A. 231), where the court said:

"The Washington statute does not take away the right a surviving partner has of administering the assets of the firm, but only guards it in the interests of representatives of the deceased partners, by requiring a bond, and substitutes the supervision of the probate court for a court of equity.    The obligations of the surviving partner are not released, and the remedies of the creditors are not changed."

Under the decision of this court in *Brigham-Hopkins Co. v. Gross, supra,* however, the remedies of the creditors are

changed to this extent, namely, they are postponed pending the settlement of the estate, and no action at law can be maintained until after the settlement of the partnership estate.   With this exception, the common-law rule is not changed.   It follows, therefore, that after the settlement of the partnership estate the creditors of the firm may maintain an action against the surviving partners for any balance of their claims remaining unpaid.

If the creditors cannot maintain an action pending the settlement of the partnership estate, as was held by this court in *Brigham-Hopkins Co. v. Gross, supra,* by reason of the provisions of § 6189 and § 6190, then, under § 4812, Bal. Code, the statute of limitations ceases to run pending the settlement.   It was said in *Brigham-Hopkins Co. v. Gross, supra:*

"In the respondents' brief, authority has been cited sustaining the proposition that a delay in suing until after the partnership estate has been closed would bar an action against the survivor, but that was in equity.   We do not see how it could apply to the present action."

This was, no doubt, intended to mean that the statute of limitations would not run in this kind of a case pending the settlement of the partnership estate, the court having in mind the rule that the statute of limitations does not run against a creditor who is by higher law prevented from bringing his action.   *Brooks v. Bates,* 7 Colo. 577 (4 Pac. 1069) ; Bal. Code, § 4812.   A contrary view is expressed in *Brigham-Hopkins Co. v. Gross,* 107 Fed. 769, but that decision was expressly based upon the rule announced in *Harrington v. Herrick,*—that the remedy of the creditor was not postponed pending the settlement of the partnership estate.   But this court, in *Brigham-Hopkins Co. v. Gross,* 20 Wash. 218, held that the remedies of the creditors were postponed pending such settlement.

For the reasons given, the judgment of the lower court is reversed, with instructions to overrule the demurrer.

REAVIS, C. J., and DUNBAR, FULLERTON and ANDERS, JJ., concur.