[No. 1485, May 6, 1913.]

MILTON DOW, as Administrator of the Goods, Chattels and Credits of the Estate of M. B. Atkinson, and Sons, Appellee, v. J. A. SIMPSON, Appellant.

## OPINION OF THE COURT ON REHEARING.

Upon a re-examination of the cases of Brigham Hopkins Co., v. Gross, 70 Pac. 480, and Harrington v. Herrick, 64 Fed. 468, cited in the original opinion, we find that the supreme court of Washington did not give its approval to the excerpt quoted from the case of Harrington v. Herrick, neither did that court criticize the language used. It appears that the only point involved in the case decided by the Circuit Court of Appeals was as to the right of a creditor of a partnership to sue the surviving partner without joining the administrators of the partnership, and therefore it was not necessary to a decision of that question for the court to determine the right of a surviving partner, under the statute, to dispose of the partnership assets without giving a bond.

In the case of Brigham Hopkins Co. v. Gross, 70 Pac. 480 the controverted question was as to whether a creditor could sue a surviving partner on a firm debt after the settlement of the partnership estate, and in a case between the same parties, 54 Pac. 1127, the point involved was as to the right to maintain such an action against the surviving partner prior to such settlement of the partnership estate. In the later Washington case, the supreme court of that state apparently limited its approval of the case decided by the Circuit Court of Appeals to the point therein decided, and did not adopt the language quoted in the original opinion in this case. However, it did not criticize such language, but it nevertheless is true that any expres-

sion by any of said courts, on points not involved in the case before the court, was *obiter dictum,* and therefore would not have the persuasive force it otherwise would be entitled to.

Upon a review of said cases it is apparent that the Washington court has not been called upon to pass upon the point involved in the case now before this court. It is likewise true that the case of Dyer v. Morse, supra, can be of no assistance to us, as the court there construed a statute altogether different from the act copied by our territorial legislature.

As we said in the original opinion, Maine and Kansas courts, under statutes, in the main, similar to the New Mexico act, have held that, until the surviving partner gives the bond required by the statute, he may not dispose of any part of the partnership estate, while Missouri and Mississippi courts hold that such a statute interferes with the common law right of the surviving partner to administer the partnership estate only when there is an administrator of the personal estate, and he has inventoried and appraised the partnership estate, and offers to give bond for its administration, unless the surviving partner shall choose to give bond for winding up the affairs of the partnership. This court therefore is at liberty to adopt either rule, and after mature deliberation we are of the opinion that the construction adopted by the Maine and Kansas courts more nearly accomplishes the intention of the statute. That this is the better rule was stated by the Supreme Court of Missouri, in the case of State v. Withrow, 41 S. W. 980.

For the reasons stated the former opinion in this case is adhered to.