**ICKES, Secretary of the Interior, v. GAZZAM et al.**

**No. 6602.**

United States Court of Appeals for the District of Columbia.

Argued March 5, 1936.

Decided March 30, 1936.

Nathan R. Margold, of Washington, D. C., William H. Abbott, of Chicago, Ill., and Frederick Bernays Wiener, of Providence, R. I., for appellant.

T. S. Plowman, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

GRONER, Associate Justice.

This is an appeal by the Secretary of Interior from a decree of the Supreme Court of the District of Columbia in a war minerals relief case filed pursuant to the Act of February 13, 1929 (45 Stat. 1166, 50 U.S.C.A. § 80 note). The order of the lower court directed the Secretary to ascertain whether the partnership (petitioners) had incurred a net loss on account of moneys paid by way of advance royalties on mining property and for interest on borrowed money and to proceed to the adjustment of the claim and to pay the award in full to W. L. Gazzam, the surviving member of the partnership.

The record discloses that the original claim was filed in the names of Seagrave & Gazzam, a partnership, residents of the state of Washington, pursuant to the provisions of the Act of March 2, 1919 (40 Stat. 1274). The record further shows that, aft-er the trial court had handed down a memorandum opinion holding that the Secretary had erred in his disposal of the petition under the provisions of the act, Gazzam filed a motion to settle the decree. In this motion it was made to appear for the first time that Seagrave, one of the partners, had died February 5, 1929. Apparently no notice was taken of this in the proceedings below, and the decree was subsequently entered in accordance with the judge's opinion.

On this appeal the position of the Secretary is that, while he is willing to recognize the claim of Gazzam to his pro rata share of the award, the proportion depending upon the partnership agreement between him and Seagrave, the record wholly fails to support Gazzam's right to sue on behalf of his deceased partner Seagrave. The Secretary also contends for a reversal on various other grounds, but, in the view we take, it is unnecessary to advert to or discuss these.

The basis of the contention of the Secretary is that, under the statute law of Washington state, the partnership terminated upon the death of Seagrave and his interest was thereupon transferred to his executor or administrator.

The position of petitioner is that the dissolution of the partnership did not destroy the firm's identity, but that this continues until the debts are paid and the affairs wound up, and that, after the death of Seagrave, the surviving partner (petitioner) had legal power to collect the debts due the firm.

At common law the surviving partner acquired the right of possession and control of the partnership assets and was vested with legal title for the purposes: (a) To convert the same into money; (b) to sue and recover for indebtedness due the partnership; (c) to pay the debts of the partnership; and (d) to distribute the surplus between himself and the estate of the deceased partner. Tennant v. Dunlop, 97 Va. 234, 33 S.E. 620, 622. Or, as Chancellor Kent says, on the dissolution by death, the surviving partner settles the affairs of the concern, and the court of chancery will not take the business from him and appoint a receiver, unless confidence be destroyed by his mismanagement or improper conduct. 3 Kent's Commentaries, 63. See, also, Walker et al. v. House, 4 Md.Ch. 39.

But it is insisted on behalf of the Secretary that, in the state of Washington, the common-law rule has been abrogated and the powers and duties of the surviving partner defined and controlled by statute. We are told that, under its provisions, the surviving member of a partnership is no longer entitled to custody and control of the partnership property, but that such property is subject alone to administration either by the executor or administrator of the deceased or by an "administrator of the partnership" appointed by the probate court. The applicable sections are 1458 and 1461 (Remington's Revised Statutes of Washington). Read together, they direct the executor or administrator of the estate of a deceased member of the partnership to inventory the entire partnership property and to administer it, unless within a fixed time limit the surviving partner is by the probate court appointed "administrator of the partnership." They further direct that appraisers estimate the value of the property and also the value of the deceased member's individual interest in the partnership property.

Section 1458 provides in part:

" * * * The whole of the partnership property shall be administered by such executor or administrator, unless the surviving partner shall within five days from the filing of the inventory, or such further time as the court may allow, apply for the administration thereof."

The statute also requires that the surviving partner shall, if he be so appointed by the court, give such bond as the court may require in an amount not less than double the value of the partnership property, and provides further that in that case he shall be denominated the administrator of the partnership.

Section 1461 provides that, if the surviving partner is not appointed administrator of the partnership property, the administration shall devolve upon the executor or administrator of the estate of the deceased.

■■ We take judicial notice of the statutes of the several states, and, by well-established rule, we are bound by the decisions of the highest courts of the states in the interpretation of their own statutes. We must therefore have recourse to the decisions of the state of Washington to determine the effect of the statute we have referred to.

In Hannegan v. Roth, 12 Wash. 65, 40 P. 636, at page 637, the court said:

"In this state the surviving members of a partnership are not even entitled to the custody and control of the partnership property, as such property is here subject to administration by the 'administrator of the partnership,' and he is entitled to the exclusive custody thereof."

Harrington v. Herrick (C.C.A.9th) 64 F. 468, 471, was a case in the federal court. There the suit was against the surviving partner on a partnership note. Upon the death of one of the partners, the survivor had waived his right to the administration of the partnership estate, and the executors of the deceased had been appointed as administrators of the partnership; and it was there insisted that the suit could not be maintained against the surviving partner. Circuit Judge McKenna (afterwards a Justice of the Supreme Court) said as to this:

"The Washington statute does not take away the right a surviving partner has of administering the assets of the firm, but only guards it in the interests of representatives of the deceased partners, by requiring a bond, and substitutes the supervision of the probate court for a court of equity. * * * As the statute requires a bond from the surviving partner as a condition, it follows that until he gives it he may not dispose of any part of the partnership property, nor is he entitled to its possession," etc.

In the case of Brigham Hopkins Co. v. Gross, 20 Wash. 218, 54 P. 1127, the question was whether an action at law to recover a debt due from the partnership could be maintained against the survivors of the partnership pending the settlement of the partnership estate. In passing on that question, the Supreme Court of Washington said generally of the surviving partner's rights:

"His rights under this act [the statute we are considering], however, are prescribed, and essentially different from what they were under the common law. The principle upon which the survivors were allowed to be sued at common law was that, upon the death of one member of the firm, they succeeded to the entire partnership property as a matter of right, and might proceed with the due settlement of the partnership estate practically unrestricted. We have no statute making such contracts several, and, as the unqualified right to ad-

minister upon the partnership estate has been taken from the survivor, it would seem as though, in the absence of legislation authorizing it, the reason for sustaining an action against him, unless the partnership estate is insolvent, no longer exists."

. The most satisfactory discussion of the statute, however, is to be found in Dow v. Simpson, 17 N.M. 357, 132 P. 568, 570. That was a case in which one member of a partnership died leaving a will disposing of his property and naming two of his sons as executors. The partnership was indebted to a bank. The executors under the will did not apply to the probate court for appointment as "administrator of the partnership," nor did the surviving partners, but the latter proceeded to liquidate the partnership estate and in process of liquidation sold 2,500 "head of sheep and lambs." Later, at the instance of creditors, a third party was appointed administrator of the partnership who thereupon demanded possession of the sheep and lambs which, as we have seen, had been sold by the surviving partners. Possession was refused, and suit was brought to recover the sheep and lambs or their value. The lower court held that the surviving partners were without authority to dispose of assets of the partnership until appointed administrators of the partnership assets, and that the attempted sale conferred no title upon the buyer of the sheep.

On appeal, the Supreme Court of New Mexico said:

"As our statute, however, was taken from the state of Washington verbatim, it is our duty to give to it the judicial construction placed upon it by the Washington court, as the presumption is that our Legislature, in adopting it, also intended to adopt the judicial construction placed upon it by the courts of that state."

The court then proceeded to discuss the cases we have mentioned above and said:

"From this construction of the statute, * * * it follows that, until the appointment of an administrator of the partnership assets and his qualification by giving bond as required by the statute, the statute has taken from the surviving partner all right to dispose of partnership assets, and if he attempts to do so in violation of the statute, his acts are a nullity and confer no rights upon a person attempting to take title from him. That this result is highly salutary cannot be disputed, and its effect is to secure the protection of the rights of the deceased partner's representatives and the creditors of the partnership. It works no hardship upon the surviving partner, but merely requires that he shall give a bond for the protection of those interested in the partnership estate and does not take away from him the right to settle the partnership business, if he chooses to comply with the statute."

As we have pointed out, there is nothing in this record which shows compliance with the Washington statute by the surviving partner and claimant herein; and since, as we think, the matter is jurisdictional, it follows that, until a showing is properly made that petitioner is authorized to assert claim here on behalf of the partnership in accordance with the statute laws of his state, he is wholly without authority to maintain the suit. In this view, it is our duty to remand the case to the lower court with instructions to set aside the decree, but without prejudice to the right of petitioner to amend his pleadings to show, if he can, a right to sue on the claim and to receive the award—if one is made—on the partnership's behalf.

Reversed and remanded.